# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN KANE, | CASE NO. 1:06-cv-01564-OWW-LJO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR THE APPOINTMENT OF COUNSEL |
| v. | AND A PRIVATE INVESTIGATOR |
| RICHARD PIERCE, et al. | (Docs. 5 and 6) |
| Defendants. | |

Plaintiff Shaun Kane ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 3, 2006, plaintiff filed a motion seeking the appointment of counsel and a motion seeking the appointment of a private investigator.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

1   This court is faced with similar cases almost daily. Therefore, plaintiff's motion for the appointment
2   of counsel shall be denied.
3       With respect to the appointment of a private investigator, the expenditure of public funds on
4   behalf of an indigent litigant is proper only when authorized by Congress. See Tedder v. Odel, 890
5   F.2d 210 (9th Cir. 1989) (citations omitted). The in forma pauperis statute does not authorize the
6   expenditure of public funds for the purpose sought by plaintiff. Accordingly, plaintiff's motion for
7   the appointment of a private investigator shall be denied.
8       Based on the foregoing, plaintiff's motions for the appointment of counsel and for the
9   appointment of a private investigator, filed November 3, 2006, are HEREBY DENIED.

11  IT IS SO ORDERED.
12  **Dated:   January 18, 2007**              /s/ Lawrence J. O'Neill
    i0d3h8                                  UNITED STATES MAGISTRATE JUDGE