# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN KANE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD PIERCE, et al.<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01564-OWW-LJO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 4) |

　　　　Plaintiff Shaun Kane ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 3, 2006, plaintiff filed a motion seeking a preliminary injunction prohibiting defendants from housing him in a jail or unit lacking the opportunity for regular outdoor exercise.

　　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

///

1

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

When an inmate seeks injunctive or declaratory relief concerning the facility where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). In this instance, plaintiff's claims arise from the alleged deprivation of outdoor recreation while he was at the Fresno County Jail for nine months, from December 14, 2005, to September 19, 2006. Plaintiff is no longer housed at the Fresno County Jail, and for this reason, the allegedly unconstitutional conditions of confinement he was subjected to while at the jail provide no basis upon which to issues any preliminary injunctions.

Further, at this juncture the complaint has not been served on defendants and they have not appeared in this action. As such, the court does not have jurisdiction over any of the defendants and may not issue any orders enjoining them from activities or omissions.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed November 3, 2006, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

| **Dated:** | **January 18, 2007** | /s/ Lawrence J. O'Neill |
|---|---|---|
| b9ed48 | | UNITED STATES MAGISTRATE JUDGE |

3