UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN KANE,<br><br>            Plaintiff,<br><br>     v.<br><br>RICHARD PIERCE, et al.<br><br>            Defendants.<br>_____/ | CASE NO. 1:06-cv-01564-OWW-NEW (DLB) PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON DENIAL OF EXERCISE CLAIM AGAINST DEFENDANTS PIERCE AND DOES 1-3<br><br>(Doc. 1) |

I.   Screening Order

   A.   Screening Requirement

Plaintiff Shaun Kane ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 3, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

Plaintiff is currently being housed at the Fresno County Jail, where the events at issue in the instant action allegedly occurred. Plaintiff names Sheriff Richard Pierce, and Does 1-5 as defendants. Plaintiff is seeking money damages and injunctive relief.

Plaintiff alleges that he was deprived of outdoor exercise from December 14, 2005, through September 19, 2006, while housed in the administrative lock-down unit. Plaintiff alleges that defendant Pierce authorized the policy which precludes outdoor exercise for inmates housed in that unit, and Doe 1, the Undersheriff and Chief Administrative Officer, was responsible for promulgating and enforcing such rules. Plaintiff alleges that defendant Doe 2, a Bureau Commander, and defendant Doe 3, a Lieutenant, responded to his inmate appeal. Plaintiff alleges they denied his

1 appeal on the ground that Title 15 of the California Administrative Code does not specifically require
2 outdoor exercise.
3    Plaintiff alleges that defendant Doe 4, identified as the California Department of Corrections
4 and Rehabilitation, is responsible for inspecting the Fresno County Jail and determining that it
5 provides adequate recreational facilities for its inmates.
6    Defendant Doe 5 is the Supervisor of the United States Marshal Service, Fresno Division.
7 Plaintiff alleges that he handed Doe 5 a letter detailing the lack of outdoor exercise, but Doe 5 never
8 responded.

         1.    Claim Against California Department of Corrections and Rehabilitation

10    Defendant Doe 4 is the California Department of Corrections and Rehabilitation.  The
11 Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting
12 state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation
13 omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico
14 Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins.
15 Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies
16 as well as those where the state itself is named as a defendant.  See Natural Resources Defense
17 Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053;
18 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons
19 was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community
20 College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because the California Department of Corrections
21 and Rehabilitation is a state agency, it is entitled to Eleventh Amendment immunity from suit and
22 plaintiff may not pursue a claim against it in this action.

         2.    Denial of Outdoor Exercise

24    To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
25 conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman,
26 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials
27 must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.
28 Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,

1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.'" Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)). Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment." Allen, 48 F.3d at 1087. While the temporary denial of outdoor exercise with no medical effects is not a substantial deprivation, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), in this Circuit, the deprivation of regular outdoor exercise for a period of nine months is unquestionably sufficient to meet the objective requirement of the Eighth Amendment analysis. Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (denial of all outdoor exercise for six weeks meets objective Eighth Amendment requirement); Allen, 48 F.3d at 1086-88 (forty-five minutes of outdoor exercise per week for six weeks meets objective Eighth Amendment requirement).

Plaintiff's allegations are sufficient to give rise to claims against defendants Pierce and Does 1, 2, and 3. However, plaintiff's claim against Doe 4 is barred by the Eleventh Amendment, and plaintiff's allegations do not support a claim that Doe 5 "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. The allegedly unconstitutional conditions of confinement plaintiff was subjected to occurred at the Fresno County Jail. Plaintiff may not seek to impose liability on a Marshal because, while on his way to court, he passed a note to the Marshal complaining of those conditions. No act or omission of the Doe Marshal caused the conditions complained of at the Fresno County Jail.

### 3. Denial of Right to Fair Trial

Plaintiff is awaiting trial in this court on criminal charges.[1] Plaintiff alleges that the failure to provide him with outdoor exercise impairs his heath and interferes with his ability to assist in his defense. Given that plaintiff has not been tried and convicted yet, he not sustained any injury

---

[1] The court takes judicial notice of 1:04-cr-05116-AWI USA v. Kane.

4

stemming from the alleged inability to participate in his defense caused by the denial of exercise. Plaintiff's claim is not ripe for adjudication. Further, once plaintiff is convicted, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. Thus, plaintiff's avenue of relief for an allegedly unconstitutional conviction will be a petition for writ of habeas corpus relief, not a civil rights action.

    4.  Violation of Penal Code Section 6031.1

In his complaint, plaintiff alleges the violation of California Penal Code section 6031.1. Section 6031.1 provides that inspections of local detention facilities must occur biennially.

A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The court has reviewed the penal statute in question and there is no indication that civil enforcement of any kind is available to plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984). Accordingly, plaintiff fails to state a claim upon which relief may be granted under state law based on the alleged violations of section 6031.1.

  C.  Conclusion

Plaintiff's complaint states a cognizable claim for relief against defendants Pierce and Does 1, 2, and 3 for violation of the Eighth Amendment arising out of the failure to provide plaintiff with outdoor exercise. However, plaintiff's complaint does not state any other claims upon which relief

///

5

may be granted. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendants Pierce and Does 1, 2, and 3 for violation of the Eighth Amendment, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Pierce.[2]

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

---

[2] The Marshal cannot initiate service on unknown defendants. Plaintiff will need to seek leave to amend to substitute the true names of the Doe defendants once he learns who they are. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Pierce and Does 1, 2, and 3 for violation of the Eighth Amendment arising out of the failure to provide plaintiff with outdoor exercise; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   April 10, 2007**                     /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE