# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN KANE, | CASE NO. 1:06-cv-01564-OWW-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO DISMISS FILED BY DEFENDANTS MIMS, FLORES, AND TILKES BE GRANTED IN PART AND DENIED IN PART |
| v. | |
| RICHARD PIERCE, et al., | |
| Defendants. | (Doc. 42) |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I. Procedural History

Plaintiff Shaun Kane ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff filed this action on November 7, 2006, while Plaintiff was a federal prisoner housed at the Fresno County Jail. The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, which applies to all civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

On April 10, 2007, the Court issued an order directing Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. Plaintiff opted to amend and filed a first amended complaint on April 19, 2007.

---

[1] Section 1983 provides a remedy for constitutional violations committed by persons acting under the color of state law. Bivens establishes a similar remedy for constitutional violations committed by federal actors. Plaintiff's complaint names both federal and county officials, however, the instant motion concerns county officials only.

1

1  Plaintiff obtained leave to amend the first amended complaint and filed a second amended complaint
2  on September 6, 2007.  On February 27, 2008, after screening Plaintiff's second amended complaint
3  ("the complaint"), the Court issued an order finding service of process appropriate for Defendants
4  Richard Pierce, Margaret Mims, Jose Flores, Charlotte Tilkes, and Russell Yorke.  Currently before
5  the Court is a Motion to Dismiss filed by Defendants Mims, Flores, and Tilkes ("Defendants") on
6  June 13, 2008.[2]

7  On July 18, 2008, Plaintiff filed a Reply and Opposition to Defendants' Motion to Dismiss.
8  Defendants submitted a Reply to Plaintiff's opposition on July 22, 2008.  Plaintiff filed a surreply
9  entitled "Rebuttal to Defendants' Response to Plaintiff's Opposition" on August 6, 2008.  However,
10 the Local Rules of the United States District Court, Eastern District generally do not permit an
11 opposing party to file a surreply.  See E.D. Cal R. 78-230.  Plaintiff did not obtain leave of Court to
12 file a surreply, and the Court finds further briefing by Plaintiff to be unnecessary.  Accordingly, the
13 Court did not consider Plaintiff's surreply in ruling on the Defendant's Motion to Dismiss.

14 **II.     Motion to Dismiss**

15 "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California
16 Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for
17 failure to state a claim, the court must accept as true the allegations of the complaint in question,
18 Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the
19 light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor,
20 Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  A court may dismiss
21 a complaint only if it is clear that no relief could be granted under any set of facts that could be
22 proved consistent with the allegations.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).
23 ///
24 ///
25 ///
26 ///

---

[2] Defendant Yorke filed a separate Motion to Dismiss on December 31, 2008.  Defendant Pierce has not been served.

1   "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to
2   offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a
3   recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755
4   (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune,
5   367 F.3d 1167, 1171 (9th Cir. 2004).

6   Defendants advance two arguments in their motion to dismiss. First, Defendants assert the
7   defense of qualified immunity. Because the Court must dismiss a complaint where a prisoner seeks
8   monetary relief from an immune defendant, 28 U.S.C. § 1915A(b)(2), Defendants are entitled to
9   dismissal of all claims against them in their individual capacities if the Court finds that Defendants
10  are entitled to qualified immunity as a matter of law.

11  Defendants also seek dismissal of claims against them in their official capacities. At the time
12  Plaintiff filed the complaint, Plaintiff was a federal prisoner and stated cognizable claims for
13  prospective relief against Defendants in their official capacities. As Plaintiff is no longer housed at
14  the Fresno County Jail, his claims for prospective relief are moot. See ACLU v. Lomax, 471 F.3d
15  1010, 1017 (9th Cir. 2006) (request for relief is moot if there is no reasonable expectation that
16  plaintiff will again be subject to same injury). Plaintiff's claims against Defendants in their official
17  capacities are only relevant to the extent they can establish liability against the County of Fresno
18  under the standard set forth in Monell v. Department of Social Servs., 436 U.S. 658, 690-91(1978).
19  Accordingly, dismissal of Plaintiff's claims against Defendants in their official capacities is
20  appropriate if the Court finds that Plaintiff cannot establish liability against the County of Fresno as
21  a matter of law.

**A. Qualified Immunity**

23  Qualified immunity analysis entails a three-step inquiry. See, e.g., Saucier v. Katz, 533 U.S.
24  194, 201-205 (2001); but see Pearson v. Callahan, No. 07-751, slip op. 13 (U.S. Jan. 21, 2009) ;2009
25  U.S. Lexis 591, 23; 2009 WL 128768 (holding that Saucier analysis should not be regarded as
26  mandatory).[3] The threshold question is whether, taken in the light most favorable to the plaintiff,

---

[3] Under Pearson, the Court has discretion to avoid the first prong of the Saucier inquiry if it appears that the constitutional right at issue is not clearly established. Because Plaintiff's allegations set forth a violation of a clearly established constitutional right, the Court adheres to the Saucier framework in deciding Defendants' motion.

3

the facts alleged show that an official's conduct violated a constitutional right. Id. at 201. If a plaintiff has alleged facts sufficient to state a constitutional violation, the court must determine whether the constitutional right violated was "clearly established ...in light of the specific context of the case." Id. Finally, where the factual allegations of the complaint set forth a violation of a clearly established constitutional right, the last inquiry is whether the official's mistake as to what the law requires was reasonable. Id. at 206. "If the officer's mistake as to what the law requires is reasonable...the officer is entitled to the immunity defense." Id.

### 1. The Constitutional Violation Requirement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995)).

### a) Objective Deprivation of a Constitutional Right

"Some form of regular outdoor exercise is extremely important to the psychological and physical well being of [prisoners]." Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Spain, 600 F.2d at 199 (term of years confined in segregated unit without outdoor exercise constitutes cruel and unusual punishment));[4] see also Allen, 48 F.3d at 1087 (six-week period in

---

[4] Spain does not stand for the proposition that denial of outdoor exercise is a per se violation of the Eighth Amendment. 600 F.2d at 199 (noting that it was not necessary to decide the issue because totality of conditions were sufficient to constitute cruel and unusual punishment). The Ninth Circuit elaborated the holding of Spain in Allen:

4

1  which prisoner was allowed only forty-five minutes per week of outdoor exercise sufficient to state
2  Eighth Amendment claim); Lopez, 203 F.3d at 1133 (allegation of indefinite and thus potentially
3  long-term confinement without outdoor exercise sufficient to state a claim); Toussaint v. Yockey,
4  722 F.2d 1490, 1493 (9th Cir. 1984) (denial of outdoor exercise to inmates assigned to
5  administrative segregation for over one year raised "substantial constitutional question"); Hearns v.
6  Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (allegation that conditions prohibited prisoner from
7  exercising in outdoor yard sufficient to withstand 12(b)(6) motion); but see LeMaire v. Maass, 12
8  F.3d 1444, 1458 (9th Cir. 1993) (denial of outdoor exercise for forty-five day period due to
9  disciplinary infractions held constitutional).  An allegation that prison officials denied a prisoner
10 outdoor exercise for an extended, continuous period of time is sufficient to state an objective
11 violation of a prisoner's constitutional right to humane conditions of confinement.  See Lopez, 203
12 F.3d at 133.

13     According to the complaint, Plaintiff was housed in the Fresno County Jail's administrative
14 lock-down unit ("AJ2D"), which entailed solitary confinement in a single-man cell with effectively
15 no windows.  Plaintiff alleges that the noise level in AJ2D can be intolerable, and that the unit has
16 a cockroach problem.  Plaintiff alleges that he was confined to his cell for twenty-four hours a day,
17 five days a week, and approximately twenty-three hours a day during the two days a week on which
18 he was permitted to exercise in an indoor room.  Plaintiff alleges that he was deprived of all outdoor
19 exercise from December of 2005 to September of 2006 and from January of 2007 to March of 2007.
20 Plaintiff has pled sufficient facts to state an objective violation of his constitutional rights under the
21 standard articulated by the Ninth Circuit in Allen. 48 F.3d at 1087.

22 ///
23 ///
24 ///
25

---

26 "in Spain...[w]e emphasized that the plaintiffs were in long-term incarceration where they were in continuous
27 segregation, generally spending twenty-four hours a day in their cells. *Under those conditions deprivation of outdoor exercise constituted cruel and unusual punishment.*" Allen, 48 F.3d at 1087 (emphasis added).  Plaintiff's
28 allegations parallel the allegations pled in Spain and discussed in Allen, as Plaintiff alleges that he was denied outdoor exercise for over nine months while housed in administrative segregation, which generally entailed twenty-four hour a day lock-down.

5

**b) <u>Subjective Requirement-Deliberate Indifference</u>**

In order to plead deliberate indifference, a prisoner must allege that prison officials knew of and disregarded a substantial risk of serious harm to the prisoner. E.g., <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994); <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998). A claim that prison officials were aware that a prisoner had been denied outdoor exercise for an extended period of time is sufficient to allege that the prison officials acted with deliberate indifference to the prisoner's basic human needs. See <u>Perkins v. Kansas Dep't of Corrections</u>, 165 F.3d 803, 810 (10th Cir. 1999) (where complaint alleged that officials had knowledge plaintiff was being denied outdoor exercise, "factfinder could infer both that prison officials knew of a substantial risk of harm to plaintiff's well being...and that they disregarded that harm"); <u>see also</u> <u>Allen</u>, 48 F.3d at 1088 (summary judgment on deliberate indifference issue inappropriate where prisoner produced evidence that prison officials were aware that prisoner was denied outdoor exercise); <u>Lopez</u>, 203 F.3d at 1133 (evidence showing that defendants ignored complaints about lack of outdoor exercise sufficient to defeat summary judgment on Eighth Amendment claim). Where a prisoner alleges that he was denied outdoor exercise pursuant to an official policy, "a rational fact-finder after hearing the evidence might determine that the defendants acted with at least deliberate indifference to [the prisoner's] basic human needs, as defined by <u>Spain</u>, by placing inconsequential logistical concerns that might be no more than matters of convenience above [the prisoner's] need for exercise." <u>Allen</u>, 48 F.3d at 1088.

According to the complaint, Defendants Mims, Tilkes, and Flores were aware that the exercise policy at Fresno County Jail denied Plaintiff outdoor exercise. The complaint states that Defendant Mims is responsible for promulgating and enforcing the exercise policy in place at Fresno County Jail, and that the exercise policy denies prisoners housed in AJ2D outdoor exercise. Plaintiff alleges he submitted multiple administrative grievances regarding the outdoor exercise policy to Defendants, to no avail. Plaintiff alleges that he brought relevant Ninth Circuit authority regarding outdoor exercise to the attention of Defendants Tilkes and Flores in January of 2006, but that Defendants continued to deny Plaintiff outdoor exercise. Accordingly, Plaintiff has pled sufficient facts from which a factfinder could infer that Defendants Mims, Tilkes, and Flores acted with deliberate indifference.

## 2. The "Well Established" Requirement

In order for a constitutional right to be "well established" for the purposes of qualified immunity analysis, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Id. (citations omitted). The notion that denial of outdoor exercise for extensive periods of time violates the Eighth Amendment has been well established in the Ninth Circuit since at least the 1980s. See Allen, 48 F.3d at 1088 ( "after Spain and Toussaint, defendants cannot legitimately claim that their duty to provide regular outdoor exercise to [plaintiff] was not clearly established"); see also Lopez, 203 F.3d at 1133 (utilizing Allen as baseline standard for evaluating prisoners claim regarding six-week denial of outdoor exercise).

Plaintiff alleges he was generally confined to his cell alone for twenty-four hours a day and was denied any outdoor recreation for a period of over nine months. The unlawfulness of such conditions is apparent in light of well-settled Ninth Circuit precedent.[5] Accordingly, Plaintiff has alleged a violation of the well established constitutional right to outdoor exercise as set forth in Spain and its progeny. 600 F.2d at 199; Allen, 48 F.3d at 1088; Lopez, 203 F.3d at 1133; Hearns v. Terhune, 413 F.3d at1042; Keenan v. Hall, 83 F.3d at1089.

## 3. Reasonableness of Defendants' Mistake

Defendants are entitled to qualified immunity if, despite having violated a well established constitutional right, Defendants' mistake as to what the law required of them was reasonable. Saucier, 533 U.S. at 205. The concern of the immunity inquiry is to acknowledge that reasonable

---

[5] The right to outdoor exercise may not be well established in other circuits. See Hernandez v. Velasquez, 522 F.3d 556, 561(5th Cir. 2008) (denial of outdoor exercise for 13 months not unconstitutional because defendant did not demonstrate risk of "serious harm" as required by deliberate indifference standard); Anderson v. Romero, 72 F.3d 518, 528 (7th Cir. 1995) (distinguishing Spain and Allen on the grounds that denial of outdoor exercise was only one of several factors that rendered overall conditions of confinement unconstitutional); Rodgers v. Jabe, 43 F.3d 1082, 1083 (6th Cir. 1995) (granting officials qualified immunity on the grounds that right to outdoor exercise was not clearly established). Because the touchstone of the "well established" inquiry is whether the unlawfulness of an official's conduct is apparent, see Anderson, 483 U.S. at 640, the law of the circuit in which the conduct occurred necessarily frames the inquiry. In the Ninth Circuit, the unlawfulness of denying a prisoner housed in solitary confinement outdoor exercise for nine months is apparent. See Allen, 48 F.3d at 1088.

1 mistakes can be made as to the legal constraints on particular conduct and to "ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." Id. Reasonable prison officials know that an inmate housed in solitary confinement may not be deprived of all outdoor exercise for extended periods of time. See Allen v. City & County of Honolulu, 39 F.3d 936, 940 (9th Cir. 1994) ("a reasonable prison official should have known that he could not deprive Allen of [outdoor exercise]...."). Compliance with a consent decree may be sufficient to establish the reasonableness of a prison official's conduct for the purposes of establishing qualified immunity. See Krug v. Lutz, 329 F.3d 692, 699 (9th Cir. 2003). However, where officials have notice that cases decided after the entry of a consent decree have rendered the decree unconstitutional, reliance on the consent decree becomes unreasonable. See Moniz v. City of Fort Lauderdale, 145 F.3d 1278, 1282 (11th Cir. 1998) (holding that plaintiff could defeat qualified immunity claim by showing that defendants had knowledge that consent decree was unconstitutional).

Defendants contend that their denial of outdoor exercise to Plaintiff was reasonable because Defendants relied on a stipulation reached between prisoners and the Fresno County Jail in 1994 ("the stipulation"), pursuant to which the court ordered Fresno County Jail to provide prisoners exercise time in "indoor or outdoor recreation areas." Motion To Dismiss, Exhibit A, p.7: 6-9.[6] At the time the stipulation was entered into in 1994, the Ninth Circuit had already clearly established that prisoners housed in solitary confinement for extended periods of time are entitled to some outdoor exercise. See City & County of Honolulu, 39 F.3d at 940. Given the state of the law at the time the stipulation was entered into, the Court cannot say that Defendants' interpretation of the stipulation, which permitted the indefinite denial of outdoor exercise to prisoners housed in solitary confinement, was reasonable as a matter of law.

///
///
///
///

---

[6] The Court takes judicial notice of the Stipulation Regarding Permanent Injunction and Order from case number 1:93-cv-05070-GGH and of California Code of Regulations title 15, section 1065 pursuant to Federal Rule of Evidence 201.

8

Defendants also claim to have relied on the California Code of Regulations title 15, section 1065, which requires that prisoners have opportunities to exercise but does not expressly require *outdoor* exercise. The plain language of section 1065 does not come close to permitting the denial of outdoor exercise to prisoners. Section 1065 provides, in relevant part:

> The facility administrator of a Type II or III facility shall develop written policies and procedures for an exercise and recreation program, *in an area designed for recreation*, which will allow a minimum of three hours of exercise distributed over a period of seven days. Such regulations as are reasonable and necessary to protect the facility's security *and the inmates' welfare* shall be included in such a program.

CAL. CODE REGS. tit.15, §1065 (2008) (emphasis added). Defendants ask the Court to hold, as a matter of law, that Defendants were reasonable in drawing the negative inference from section 1065 that prisoners are not entitled to outdoor exercise simply because section 1065 does not expressly mention it. Section 1065, however, imposes an affirmative duty on prison officials to develop such regulations as are reasonable and necessary to protect prisoners' welfare. Given the Ninth Circuit's announcement in Spain that "outdoor exercise is extremely important to the psychological and physical well being of [prisoners]," the Court cannot say that Defendants' interpretation of section 1065 was reasonable as a matter of law.

Finally, the reasonableness of Defendants' conduct is doubtful in light of the fact that Plaintiff brought applicable Ninth Circuit authority regarding outdoor exercise to the Defendants' attention in January of 2006. Defendants were put on notice that it was unconstitutional to deny an inmate housed in solitary confinement all outdoor exercise for extended periods of time, but continued to deny Plaintiff outdoor exercise. Accordingly, the Court cannot say that Defendants' conduct was reasonable as a matter of law.[7]

**B. Official Capacity Claims**

Defendants ask the Court to construe the complaint as a suit for damages against them in their individual capacities only. However, in addition to seeking monetary damages, the complaint also seeks prospective relief. Despite the fact that Plaintiff's claims for prospective relief are now

---

[7] In denying the Motion to Dismiss, the Court holds only that Defendants are not entitled to qualified immunity as a matter of law. "The question of qualified immunity often cannot be resolved adequately until the dispositive facts have been presented at trial and reduced to findings." Abdul-Akbar v. Watson, 4 F.3d 195, 201(3rd Cir. 1993) (citing Anderson v. Creighton, 483 U.S. 635, 637-38 (1987)).

moot, as Plaintiff is no longer housed at Fresno County Jail, Plaintiff's request for prospective relief indicates that Plaintiff sought to sue Defendants in their individual and official capacities. Further, the complaint emphasizes the unconstitutionality of Fresno County Jail's official exercise policy, and Plaintiff clearly alleges that Defendant Mims, acting in her role as Sheriff, is responsible for promulgating and enforcing the unconstitutional exercise policy. The complaint also names Richard Pierce, the former Fresno County Sheriff, as a Defendant, which suggests that Plaintiff seeks to sue the Fresno County Sheriff as an entity in its official capacity. As the Court must construe Plaintiff's complaint liberally, see, e.g., Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), the allegations of the complaint are sufficient to state claims against Defendants in their official capacities.

A local government may be liable under section 1983 for constitutional torts committed by its officials pursuant to a municipal policy, practice, or custom. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). "To hold a local government liable for an official's conduct, a plaintiff must first establish that the official (1) had final policymaking authority 'concerning the action alleged to have caused the particular constitutional or statutory violation at issue' and (2) was the policymaker for the local governing body for the purposes of the particular act." Weiner v. San Diego County, 210 F.3d 1025, 1028 (9th Cir. 2000). Whether an official's actions are taken on behalf of the state or on behalf of a local government depends on state law. Id. In California, a sheriff acts on behalf of the county in performing duties related to the oversight and management of local jails. Cortez v. County of Los Angeles, 294 F.3d 1186, 1190 (9th Cir. 2002). California counties may be subject to liability under section 1983 for actions taken by a sheriff pursuant to her role as administrator of the county jail. Id.

### 1. Defendant Mims

Plaintiff alleges that Defendant Mims, the Fresno County Sheriff, is responsible for promulgating and enforcing rules for the safe-keeping of prisoners at Fresno County Jail and that the official exercise policy in place at Fresno County Jail denies prisoners housed in AJ2D any outdoor exercise. Plaintiff's allegations are sufficient to state a claim for liability against the County of Fresno under section 1983 based on the actions of Defendant Mims. Defendants' argument that the

stipulation somehow stripped Defendant Mims of her final policy making authority over the Fresno County Jail fails in light of the express terms of the stipulation, which clearly authorize Defendant Mims to provide prisoners housed in AJ2D access to outdoor exercise. Accordingly, the Court finds that dismissal of Plaintiff's claim against Defendant Mims in her official capacity is inappropriate.

### 2. Defendants Flores and Tilkes

The complaint fails to allege that Defendants Flores and Tilkes had final policy-making authority at Fresno County Jail. To the contrary, the complaint states that the Fresno County Sheriff is responsible for promulgating and enforcing rules for the safe-keeping of prisoners at the Fresno County Jail. Accepting the allegations of the complaint as true, Defendants Flores and Tilkes do not have final policy-making authority concerning the exercise policy at issue in this case; final policy-making authority rests with the Sheriff. Plaintiff's claims against Defendants Flores and Tilkes in their official capacities are thus insufficient to establish liability against the County of Fresno. See Weiner, 210 F.3d at 1028 (county only liable for acts of an official who has final policy-making authority). Accordingly, the Court recommends that Plaintiff's official capacity claims against Defendants Flores and Tilkes be dismissed, and that leave to amend the complaint not be granted.

## III.   Conclusion and Recommendations

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed June 13, 2008, be GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' motion to dismiss claims against Defendants Mims, Flores, and Tilkes on the grounds of qualified immunity be DENIED;

2. Defendants' motion to dismiss Plaintiff's claim against Defendant Mims in her official capacity be DENIED; and

3. Defendants' motion to dismiss claims against Defendants Flores and Tilkes in their official capacities be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written

1 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2 Findings and Recommendations."  The parties are advised that failure to file objections within
3 the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
4 F.2d 1153 (9th Cir. 1991).

5   IT IS SO ORDERED.

6   **Dated:   January 21, 2009**        /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE