1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9     SHAUN KANE,                     CASE NO. 1:06-cv-01564-OWW-GSA-PC

10              Plaintiff,           FINDINGS AND RECOMMENDATIONS
                                           RECOMMENDING MOTION TO DISMISS

11      v.                           FILED BY DEFENDANT YORKE BE
                                           GRANTED IN PART AND DENIED IN PART

12     RICHARD PIERCE, et al.,
                                           (Doc. 57)

13              Defendants.

14                                         OBJECTIONS DUE WITHIN THIRTY DAYS

15     _____/

16    **I.**     **Procedural History**

17        Plaintiff Shaun Kane ("Plaintiff") is proceeding pro se and in forma pauperis in this civil

18 rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal

19 Bureau of Narcotics, 403 U.S. 388 (1971).[1]  Plaintiff filed this action on November 7, 2006, while

20 Plaintiff was a federal prisoner housed at the Fresno County Jail.  The Court screened Plaintiff's

21 complaint pursuant to 28 U.S.C. § 1915A, which applies to all civil actions in which a prisoner seeks

22 redress from a governmental entity or officer or employee of a governmental entity.

23        On April 10, 2007, the Court issued an order directing Plaintiff to either file an amended

24 complaint or notify the Court of his willingness to proceed only on the claims found to be

25 cognizable.  Plaintiff opted to amend and filed a first amended complaint on April 19, 2007.

26 _____

27 [1] Section 1983 provides a remedy for constitutional violations committed by persons acting under the color of state
law.  Bivens establishes a similar remedy for constitutional violations committed by federal actors.  Plaintiff's
complaint names both federal and state officials, however, the instant motion concerns only Defendant Yorke, a

28 federal actor.

1  Plaintiff obtained leave to amend the first amended complaint and filed a second amended complaint

2  on September 6, 2007.  On February 27, 2008, after screening Plaintiff's second amended complaint

3  ("the complaint"), the Court issued an order finding service of process appropriate for Defendants

4  Richard Pierce, Margaret Mims, Jose Flores, Charlotte Tilkes, and Russell Yorke.  Currently before

5  the Court is a Motion to Dismiss and/or For Judgment on the Pleadings filed by Defendant Yorke

6  ("Defendant") on October 16, 2008.[2]  On December 19, 2008, Plaintiff filed a Reply and Opposition

7  to Defendant Yorke's Motion to Dismiss.  Defendant submitted a Reply to Plaintiff's opposition on

8  December 31, 2008.

9  **II.    Motion to Dismiss**

10         "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California

11 Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for

12 failure to state a claim, the court must accept as true the allegations of the complaint in question,

13 Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the

14 light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor,

15 Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  A court may dismiss

16 a complaint only if it is clear that no relief could be granted under any set of facts that could be

17 proved consistent with the allegations. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).

18 "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to

19 offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a

20 recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755

21 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune,

22 367 F.3d 1167, 1171 (9th Cir. 2004).

23         Defendant advances three arguments in the Motion to Dismiss.  First, Defendant correctly

24 asserts that Plaintiff's claims against Defendant in his official capacity as a U.S. Marshal are not

25 cognizable.  Plaintiff may not seek monetary damages against Defendant in his official capacity, as

26 "no Bivens-like cause of action is available against federal agencies or federal agents sued in their

27

28 [2] Defendants Mims, Flores, and Tilkes filed a separate Motion to Dismiss on June 13, 2008. Defendant Pierce has not been served.

1   official capacities." <u>Ibrahim v. Dep't of Homeland Sec.</u>, 538 F.3d 1250, 1257 (9th Cir. 2008) (citing

2   <u>FDIC v. Meyer</u>, 510 U.S. 471, 485-86 (1994) (discussing sovereign immunity); <u>Nurse v. United</u>

3   <u>States</u>, 226 F.3d 996, 1004 (9th Cir. 2000)).  Plaintiff's claims against Defendant in his official

4   capacity for prospective relief are moot, as Plaintiff is no longer housed at the Fresno County Jail

5   and has not demonstrated a reasonable expectation of returning there.  <u>See</u> <u>ACLU v. Lomax</u>, 471 F.3d

6   1010, 1017 (9th Cir. 2006) (request for relief is moot if there is no reasonable expectation that

7   plaintiff will again be subject to same injury).

8        Second, Defendant contends that the complaint fails to state a claim for relief because

9   Plaintiff does not allege that Defendant was personally involved in the alleged constitutional

10   deprivation.  Alternatively, Defendant contends that even if the complaint states a claim against

11   Defendant for violating Plaintiff's constitutional rights, Defendant is entitled to judgment on the

12   pleadings on the grounds of qualified immunity.

13        **A. <u>The Complaint States a Claim for Relief Against Defendant Yorke</u>**

14        The Eighth Amendment protects prisoners from inhumane methods of punishment and from

15   inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).

16   Extreme deprivations are required to make out a conditions of confinement claim, and only those

17   deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

18   the basis of an Eighth Amendment violation.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) (citations

19   and quotations omitted).  "An Eighth Amendment claim that a prison official has deprived inmates

20   of humane conditions must meet two requirements, one objective and one subjective.  Under the

21   objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal

22   civilized measure of life's necessities.  The subjective requirement, relating to the defendant's state

23   of mind, requires deliberate indifference."  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1132-33 (9th Cir. 2000)

24   (quoting <u>Allen v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir. 1995)).

25        **1) <u>Objective Deprivation of a Constitutional Right</u>**

26        "Some form of regular outdoor exercise is extremely important to the psychological and

27   physical well being of [prisoners]."   <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979).

28   "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to

1   continuous and long-term segregation." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing

2   Spain, 600 F.2d at 199 (term of years confined in segregated unit without outdoor exercise

3   constitutes cruel and unusual punishment));[3] see also Allen, 48 F.3d at 1087 (six-week period in

4   which prisoner was allowed only forty-five minutes per week of outdoor exercise sufficient to state

5   Eighth Amendment claim); Lopez, 203 F.3d at 1133 (allegation of indefinite and thus potentially

6   long-term confinement without outdoor exercise sufficient to state a claim); Toussaint v. Yockey,

7   722 F.2d 1490, 1493 (9th Cir. 1984) (denial of outdoor exercise to inmates assigned to

8   administrative segregation for over one year raised "substantial constitutional question"); Hearns v.

9   Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (allegation that conditions prohibited prisoner from

10  exercising in outdoor yard sufficient to withstand 12(b)(6) motion); but see LeMaire v. Maass, 12

11  F.3d 1444, 1458 (9th Cir. 1993) (denial of outdoor exercise for forty-five day period due to

12  disciplinary infractions held constitutional).  An allegation that prison officials denied a prisoner

13  outdoor exercise for an extended, continuous period of time is sufficient to state an objective

14  violation of a prisoner's constitutional right to humane conditions of confinement.  See Lopez, 203

15  F.3d at 133.

16      According to the complaint, Plaintiff was housed in the Fresno County Jail's administrative

17  lock-down unit ("AJ2D"), which entailed solitary confinement in a single-man cell with effectively

18  no windows.  Plaintiff alleges that the noise level in AJ2D can be intolerable, and that the unit has

19  a cockroach problem.  Plaintiff alleges that he was confined to his cell for twenty-four hours a day,

20  five days a week, and approximately twenty-three hours a day during the two days a week on which

21  he was permitted to exercise in an indoor room.  Plaintiff alleges that he was deprived of all outdoor

22  exercise from December of 2005 to September of 2006 and from January of 2007 to March of 2007.

23  ///

24

25  [3] Spain does not stand for the proposition that denial of outdoor exercise is a per se violation of the Eighth
    Amendment. 600 F.2d at 199 (noting that it was not necessary to decide the issue because totality of conditions were

26  sufficient to constitute cruel and unusual punishment).  The Ninth Circuit elaborated the holding of Spain in Allen:
    "in Spain...[w]e emphasized that the plaintiffs were in long-term incarceration where they were in continuous

27  segregation, generally spending twenty-four hours a day in their cells.  *Under those conditions deprivation of
    outdoor exercise constituted cruel and unusual punishment.*" Allen, 48 F.3d at 1087 (emphasis added).  Plaintiff's

28  allegations parallel the allegations pled in Spain and discussed in Allen, as Plaintiff alleges that he was denied
    outdoor exercise for over nine months while housed in administrative segregation, which generally entailed twenty-
    four hour a day lock-down.

1   Plaintiff has pled sufficient facts to state an objective violation of his constitutional rights under the

2   standard articulated by the Ninth Circuit in Allen. 48 F.3d at 1087.

3               **2) Subjective Requirement-Deliberate Indifference**

4        In order to plead deliberate indifference, a prisoner must allege that prison officials knew of

5   and disregarded a substantial risk of serious harm to the prisoner. E.g., Farmer v. Brennan, 511 U.S.

6   825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). A claim that prison officials

7   were aware that a prisoner had been denied outdoor exercise for an extended period of time is

8   sufficient to allege that the prison officials acted with deliberate indifference to the prisoner's basic

9   human needs. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 810 (10th Cir. 1999)

10  (where complaint alleged that officials had knowledge plaintiff was being denied outdoor exercise,

11  "factfinder could infer both that prison officials knew of a substantial risk of harm to plaintiff's well

12  being...and that they disregarded that harm"); see also Allen, 48 F.3d at 1088 (summary judgment

13  on deliberate indifference issue inappropriate where prisoner produced evidence that prison officials

14  were aware that prisoner was denied outdoor exercise); Lopez, 203 F.3d at 1133 (evidence showing

15  that defendants ignored complaints about lack of outdoor exercise sufficient to defeat summary

16  judgment on Eighth Amendment claim). Supervisory personnel are generally not liable under

17  section 1983 for the actions of their subordinates under a theory of respondeat superior, and

18  therefore, when a named defendant holds a supervisory position, the causal link between her and the

19  claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858,

20  862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

21  941 (1979).

22               **a. Supervisory Liability**

23        An individual may not be held liable in a Bivens action based on the theory of respondeat

24  superior. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). However,

25  supervisory personnel may be liable for constitutional violations committed by others where the

26  supervisor knew of ongoing constitutional violations and failed to act to prevent them. Hansen v.

27  Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040,

28  1045 (9th Cir. 1989); see also Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (warden's failure

to respond to prisoner's letter advising warden of medical staff's inadequate treatment sufficient to raise triable issue of fact regarding whether warden was deliberately indifferent).  A supervisor may be liable if there exists a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  E.g., Hansen, 885 F.2d at 646.  A supervisor's failure to transfer a prisoner out of a facility may constitute deliberate indifference where the supervisor 1) knows that the conditions of confinement expose the prisoner to serious risk of harm, and 2) the supervisor has the authority to transfer the prisoner to another facility.  See Sain v. Wood, 512 F.3d 886, 889 (7th Cir. 2008) (civil detainee's allegations sufficient to state a claim against director of clinic where director failed to transfer plaintiff out of constitutionally inadequate facility);[4] see also Redman v. County of San Diego, 942 F.2d 1435, 1447 (9th Cir. 1991) ("requisite causal connection can be established by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury"); Berg v. Kincheloe, 794 F.2d 457, 462 (9th Cir. 1986) (supervisor could be held liable for knowingly exposing prisoner to risk of danger by placing prisoner in unsafe work environment).

Because Defendant did not have direct supervisory authority over the persons responsible for denying Plaintiff outdoor exercise, Plaintiff's claim is distinguishable from much of the authority concerning supervisory liability.  Plaintiff seeks to impose liability on Defendant, a U.S. Marshal, for constitutional deprivations caused by persons acting under the color of state law.  As a federal officer, Defendant has no direct control over the employees or the conditions of confinement at Fresno County Jail.  See e.g. Wilson v. Blankenship, 163 F.3d 1284, 1989 n.6 (11th Cir. 1998) (commenting that even if defendant, a U.S. Marshal, knew of unconstitutional conditions of confinement at county jail, plaintiff provided no evidence that defendant had any control over the operation of the jail).  Nevertheless, because the ultimate issue underlying the question of Defendant's liability is whether there is a sufficient causal connection between Defendant's act or omission and the denial of outdoor exercise to Plaintiff, if the Court finds that Defendant could have

---

[4] In Sain, the Seventh Circuit ultimately reversed the district court's denial of qualified immunity to the defendant, holding that the defendant's conduct was reasonable under the circumstances. The Seventh Circuit's analysis of the qualified immunity issue demonstrates approval of the district court's conclusion that the plaintiff had stated a claim against the defendant by alleging that the defendant knew of plaintiff's conditions of confinement and failed to exercise his authority to transfer plaintiff to another facility.

prevented Plaintiff's rights from being violated but failed to do so with deliberate indifference to Plaintiff's needs, Defendant may be held liable.  See Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (finding prisoner's complaint sufficient to state a claim against U.S. Marshal where complaint alleged that defendant had knowledge of unconstitutional conditions of confinement at county jail where plaintiff, a federal pretrial detainee, was housed); Wilson, 163 F.3d at 1288-89 (reaching qualified immunity analysis as to plaintiff's claims against U.S. Marshal);[5] see also Loe v. Armistead, 582 F.2d 1291, 1296 (4th Cir. 1978) (complaint sufficient to state claim against U.S. Marshal where plaintiff alleged that Marshal had notice of inadequate medical treatment being afforded to plaintiff by county jail officials.)

The complaint states that Plaintiff sent a letter to Defendant in January of 2006 advising Defendant that the exercise policy at Fresno County Jail permitted denial of outdoor exercise to Plaintiff.  In contrast to the defendants in Wilson and Jordan, who did not have actual knowledge that their prisoners' conditions of confinement were unconstitutional, the Court must presume that Defendant Yorke received Plaintiff's letter and had knowledge that Plaintiff was being held in unconstitutional conditions.[6]  See Jett, 439 F.3d at 1098 (where a prisoner alleges that he sent a letter to a prison administrator requesting help, the prisoner is entitled to an inference that the administrator received the letter and had knowledge of the prisoner's request).  Although Defendant was not directly responsible for the denial of outdoor exercise to Plaintiff, it can be inferred that Defendant failed to cause Plaintiff to be transferred out of Fresno County Jail and thus permitted the constitutional violation to continue for an extended period of time.

///

[5] In Jordan and in Wilson, the Eleventh Circuit Court of Appeals held that the defendants were entitled to qualified immunity.  The fact that the Court reached the qualified immunity inquiry necessarily implies that the allegations of the complaint were sufficient to state a claim against the U.S. Marshals involved in each case.

[6] Dicta from Wilson suggests that even if the defendant U.S. Marshal had knowledge of the unconstitutional conditions at the jail where plaintiff was housed, the defendant would have still been entitled to qualified immunity because she did not have control over the conditions of confinement at the jail.  163 F.3d at 1989 n6.  The accuracy of Footnote 6 is questionable in light of the authority discussed above, see Jordan, 38 F.3d at 1566 (knowledge of conditions rendered U.S. Marshal subject to liability), but Plaintiff's complaint is distinguishable from the complaint in Wilson in any event.  In Wilson, the defendant U.S. Marshal was a criminal investigator and was only responsible for *transporting* the plaintiff to the jail; there was no allegation that the defendant had authority to transfer the plaintiff elsewhere.  Here, however, Plaintiff alleges Defendant Yorke was responsible for the *decision* to continue housing Plaintiff at Fresno County Jail despite knowledge of the jail's unconstitutional policy.

1   Under minimal federal notice pleading standards, the Court finds Plaintiff's allegations are sufficient

2   to state a claim against Defendant for deliberate indifference to Plaintiff's inhumane conditions of

3   confinement.  Fed. R. Civ. P. 8(a); <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007); <u>Alvarez v. Hill</u>,

4   518 F.3d 1152, 1157-58 (9th Cir. 2008).

5   **B.  Qualified Immunity**

6       Qualified immunity analysis entails a three-step inquiry.  <u>See, e.g.</u>, <u>Saucier v. Katz</u>, 533 U.S.

7   194, 201-205 (2001); <u>but see</u> <u>Pearson v. Callahan</u>, No. 07-751, slip op. 13 (U.S. Jan. 21, 2009); 2009

8   U.S. Lexis 591, 23; 2009 WL 128768 (holding that Saucier analysis should not be regarded as

9   mandatory).[7]  The threshold question is whether, taken in the light most favorable to the plaintiff,

10  the facts alleged show that an official's conduct violated a constitutional right.  <u>Id.</u> at 201.  If a

11  plaintiff has alleged facts sufficient to state a constitutional violation, the court must determine

12  whether the constitutional right violated was "clearly established ...in light of the specific context

13  of the case."  <u>Id.</u>  Finally, where the factual allegations of the complaint set forth a violation of a

14  clearly established constitutional right, the last inquiry is whether the official's mistake as to what

15  the law requires was reasonable.  <u>Id.</u> at 206.  "If the officer's mistake as to what the law requires is

16  reasonable...the officer is entitled to the immunity defense."  <u>Id.</u>

17      **1.  <u>The Constitutional Violation Requirement</u>**

18      As discussed above in section A, the complaint states a claim against Defendant for violation

19  of Plaintiff's Eighth Amendment right to humane conditions of confinement.  Accordingly, the Court

20  must determine whether a prisoner's right to outdoor exercise was well established at the time of the

21  alleged violation and whether Defendant's conduct was reasonable.

22      **2. <u>The "Well Established" Requirement</u>**

23      In order for a constitutional right to be "well established" for the purposes of qualified

24  immunity analysis, "the contours of the right must be sufficiently clear that a reasonable official

25  would understand that what he is doing violates that right."  <u>Anderson v. Creighton</u>, 483 U.S. 635,

26  640 (1987).  "This is not to say that an official action is protected by qualified immunity unless the

27

28  [7] Under <u>Pearson</u>, the Court has discretion to avoid the first prong of the <u>Saucier</u> inquiry if it appears that the
    constitutional right at issue is not clearly established. Because Plaintiff's allegations set forth a violation of a clearly
    established constitutional right, the Court adheres to the <u>Saucier</u> framework in deciding Defendants' motion.

very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Id. (citations omitted).  The notion that denial of outdoor exercise for extensive periods of time violates the Eighth Amendment has been well established in the Ninth Circuit since at least the 1980s.  See Allen, 48 F.3d at 1088 ( "after Spain and Toussaint, defendants cannot legitimately claim that their duty to provide regular outdoor exercise to [plaintiff] was not clearly established"); see also Lopez, 203 F.3d at 1133 (utilizing Allen as baseline standard for evaluating prisoners claim regarding six-week denial of outdoor exercise).

Plaintiff alleges he was generally confined to his cell alone for twenty-four hours a day and was denied any outdoor recreation for a period of over nine months.  The unlawfulness of such conditions is apparent in light of well-settled Ninth Circuit precedent.[8]  Accordingly, Plaintiff has alleged a violation of the well established constitutional right to outdoor exercise as set forth in Spain and its progeny. 600 F.2d at 199; Allen, 48 F.3d at 1088; Lopez, 203 F.3d at 1133; Hearns v. Terhune, 413 F.3d at 1042; Keenan v. Hall, 83 F.3d at 1089.

### 3. Reasonableness of Defendant's Mistake

Defendant is entitled to qualified immunity if, despite having violated a well established constitutional right, Defendant's mistake as to what the law required of him was reasonable. Saucier, 533 U.S. at 205.  The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular conduct and to "ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." Id.

According to the complaint, Plaintiff sent Defendant a letter informing Defendant that Plaintiff was being denied outdoor exercise for an extended period of time.  Reasonable prison officials know that an inmate housed in solitary confinement may not be deprived of all outdoor

---

[8] The right to outdoor exercise may not be well established in other circuits. See Hernandez v. Velasquez, 522 F.3d 556, 561(5th Cir. 2008) (denial of outdoor exercise for 13 months not unconstitutional because defendant did not demonstrate risk of "serious harm" as required by deliberate indifference standard); Anderson v. Romero, 72 F.3d 518, 528 (7th Cir. 1995) (distinguishing Spain and Allen on the grounds that denial of outdoor exercise was only one of several factors that rendered overall conditions of confinement unconstitutional); Rodgers v. Jabe, 43 F.3d 1082, 1083 (6th Cir. 1995) (granting officials qualified immunity on the grounds that right to outdoor exercise was not clearly established).  Because the touchstone of the "well established" inquiry is whether the unlawfulness of an official's conduct is apparent, see Anderson, 483 U.S. at 640, the law of the circuit in which the conduct occurred necessarily frames the inquiry.  In the Ninth Circuit, the unlawfulness of denying a prisoner housed in solitary confinement outdoor exercise for nine months is apparent. See Allen, 48 F.3d at 1088.

exercise for extended periods of time.  See Allen v. City & County of Honolulu, 39 F.3d 936, 940 (9th Cir. 1994) ("a reasonable prison official should have known that he could not deprive Allen of [outdoor exercise]....").  The Court must presume Defendant received Plaintiff's letter and had knowledge of Plaintiff's complaint, see Jett, 439 F.3d at1098, and Defendant does not contend otherwise.  Further, Defendant does not identify any justification for his failure to transfer Plaintiff out of Fresno County Jail and does not contend he took *any* action in response to Plaintiff's letter.  Accordingly, the Court cannot say that Defendant's conduct was reasonable as a matter of law.

**III.    Conclusion and Recommendations**

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss and/or for Judgment on the Pleadings filed on October 16, 2008, be GRANTED IN PART and DENIED IN PART as follows:

1.    Defendant's motion to dismiss Plaintiff's claim against Defendant Yorke in his individual capacity, for failure to state a claim, be DENIED;

2.    Defendant's motion for judgment on the pleadings on the grounds of qualified immunity be DENIED; and

3.    Defendant's motion to dismiss Plaintiff's claim against Defendant Yorke in his official capacity be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 26, 2009**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE