# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN KANE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD PIERCE, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01564-OWW-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL IN PART, AND DIRECTING DEFENDANTS MIMS, FLORES, AND TILKES TO FILE A SUPPLEMENTAL BRIEF WITHIN FIFTEEN DAYS<br><br>(Doc. 107) |

**Order on Motion to Compel**

**I.	Background**

Plaintiff Shaun Kane is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed September 6, 2007, against Defendants Pierce, Mims, Flores, Tilkes, and Yorke arising from the long term unavailability of outdoor exercise while Plaintiff was housed at the Fresno County Jail, in violation of Plaintiff's constitutional rights. On January 4, 2010, Plaintiff filed a motion to compel, entitled "Motion to Overrule Claims of Privilege."[1] Defendants Mims, Flores, and Tilkes filed an opposition on January 7, 2010, Defendant Yorke filed an opposition on January 11, 2010, and Plaintiff filed a reply on January 25, 2010.

---

[1] With respect to the issue of timeliness, Plaintiff's contention that motions to compel are subject to the pretrial dispositive motion deadline is without merit. Motions to compel are not dispositive motions, and the Court's original scheduling order leaves no room for doubt that motions to compel are subject to the discovery deadline. (Doc. 81.) However, in light of the recent modification to the scheduling order, which extended the discovery deadline from December 18, 2009, to May 28, 2010, Plaintiff's motion is timely. (Doc. 121.)

1

## II. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why he is entitled to production of the documents sought. Ordinarily, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.

## III. Document Production Requests

**POD 4 - Yorke**: "Documents which reveal the names of the Marshal's [sic] who conducted the 'Detention Facility Investigative Reports' on the Fresno County Jail the years 2004, 2005, 2006, and 2007. (Relevancy: These Marshals are potential witnesses to the conditions and policies of the Jail and they are also potential Defendants in this action, as their negligent inspections may have resulted in an illegal recreation policy to continue unchecked, thereby contributing to the Plaintiff's long-term deprivation. Indeed, the authors of the reports for 2006 and 2007 will almost certainly be added as defendants as their inspections did not even meet the standards set forth in Attachment #1 of the report itself.)."

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff has not met his burden of showing the relevancy of this document. Defendant previously produced an inspection report but with the inspector's name redacted. (Doc. 107, Motion, 1:21-22.) Plaintiff's argument that the inspector is named as a Doe defendant in the second amended complaint is not supported by the Court's review of the pleading.

Further, Plaintiff's claim in this action is one for violation of the Eighth Amendment of the United States Constitution, and an allegedly negligent inspection does not and cannot support a claim for relief. Section 1983 requires Plaintiff to demonstrate the personal involvement of each

defendant, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and negligent conduct does not violate the Eighth Amendment, Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

Plaintiff bears the initial burden of demonstrating the relevance of the information sought in his motion to compel, and Plaintiff has not done so.

**POD 4 - Mims, Flores, Tilkes:** "Any documents showing the names of the C.B.C. (California Board of Corrections) members who approved the Pilot Program. (These members are future defendants and witnesses.)

**Ruling:** Plaintiff's motion to compel is denied for the reasons set forth above. Plaintiff bears the burden of demonstrating the relevance of the information sought and has not done so. A reading of the second amended complaint does not support Plaintiff's position that the committee members are named as Does in the pleading, and the relevance of this information is not obvious to the Court.

**POD[2] - Mims, Flores, Tilkes:** "Any document which contains Mr. Pierce's current address. (Relevancy: Mr. Pierce still has not been served with the Complaint. Sheriff's Dept. witheld [sic] contact information from the Marshals.)."

**Ruling:** Plaintiff's motion to compel is denied to the extent that Plaintiff seeks to have Mr. Pierce's home address turned over to him. However, Mr. Pierce is the former Sheriff of Fresno County, and as such, was a public official. There is no question that at the time of the events in question and given the allegations against him, he was acting under color of state law, and based on a review of Plaintiff's second amended complaint, it appears Plaintiff is attempting to impose liability on him in his personal capacity.[3] E.g., Blankenhorn v. City of Orange, 485 F.3d 463, 485 (9th Cir. 2007); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Within fifteen days from the date of service of this order, Defendants Mims, Flores, and Tilkes shall file a supplemental brief
///

---

[2] Unnumbered.

[3] Because Mr. Pierce is no longer the Sheriff, Plaintiff may not pursue an official capacity claim against him. Rounds v. Oregon State Bd. of Higher Educ., 166 F.3d 1032, 1036 n.2 (9th Cir. 1999) (citing Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358 (1991)).

addressing why the Court should not order either the information be provided in camera review or Defendants designate the appropriate person to accept service on Mr. Pierce's behalf.

IV. **Conclusion and Order**

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel is DENIED as to Yorke POD 4 and Mims, Flores, and Tilkes POD 4;

2. Plaintiff's motion to compel Defendants Mims, Flores, and Tilkes to produce former Sheriff Richard Pierce's current address to him is DENIED in part; and

3. Within **fifteen (15) days** from the date of service of this order, Defendants Mims, Flores, and Tilkes shall file a supplemental brief addressing why the Court should not order either the information be provided in camera review or Defendants designate the appropriate person to accept service on Mr. Pierce's behalf.

IT IS SO ORDERED.

Dated: **February 5, 2010**         /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE